**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| WILBURT RIVERA and<br>DINGY DENTS, LLC,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>JACK PARKER;<br>EXECUTIVE AUTO SALES AND<br>SERVICE, LLC; and<br>CHERIE PARKER,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.<br><br>_____<br><br><br>JURY DEMANDED |

---

## VERIFIED COMPLAINT, PETITION FOR INTERLOCUTORY AND PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

---

COME NOW Plaintiffs Wilburt Rivera ("Rivera") and Dingy Dents, LLC ("Dingy Dents" and, collectively, "Plaintiffs") and file this *Verified Complaint and Petition for Interlocutory and Permanent Injunction and Declaratory Judgment* against Defendants Jack Parker ("Mr. Parker"); Executive Auto Sales and Service, LLC ("Executive Auto"); and Cherie Parker ("Mrs. Parker" and, collectively, "Defendants"), and show the Court as follows:

## INTRODUCTION

This is a real life example of David vs. Goliath; Defendants have engaged in an unconscionable campaign to threaten, disparage, and steal from Plaintiff Rivera, a hard-working automotive dent repair tradesman, a business that he has worked tirelessly for the last three years to build, Dingy Dents.  Defendant Jack Parker is a car wholesaler, who also runs various other businesses woven into an intricate web of companies, and views himself as a sophisticated businessman in comparison to Rivera.

With nothing other than malicious intent, Mr. Parker has spent the last ten days traveling all over Georgia and South Carolina with one goal-and one goal only-to shut Mr. Rivera out of Dingy Dents and his livelihood.  Mr. Parker has visited approximately 6 customers in-person that were Rivera's clients and/or Dingy Dents and directed these customers (some in a threatening manner) to cease and desist doing any business with Rivera.

Mr. Parker has even gone so far as to submit substitute W9s to some of these customers mandating that they pay outstanding invoices that are owed to Dingy Dents to Mr. Parker instead.  Mr. Parker has directed other customers to stop payments on checks payable to Dingy Dents.  It is beyond egregious that Mr. Parker would unlawfully mandate customers pay him for services rendered by Dingy Dents

for himself.  Mr. Parker also continues to bully Rivera personally by sending him threatening text messages and calling him on the phone, despite being directed to cease any communications with Rivera.

Mr. Parker has engaged in, and continues to engage in: (1) common law trademark infringement and other violations of the Lanham Act; (2) damaging Rivera's reputation; and (3) eradicating Rivera's ability to earn a living.   The Court should enjoin this unlawful and egregious conduct under the Lanham Act and order Defendants to pay for the substantial damages they have caused Plaintiffs.

## PARTIES, VENUE & JURISDICTION

1.     Plaintiff Rivera is an individual resident of the State of Georgia.

2.     Plaintiff Dingy Dents, LLC ("Dingy Dents") is a Georgia limited liability company with its principal office located at 35 Clear Springs Ct., Oxford, GA, 30054.

3.     Plaintiff Rivera is the sole member of Dingy Dents, LLC and seeks a declaratory judgment from this Court that he is the sole member of the LLC.

4.     At all relevant times, Rivera had complete control over the trade name DINGY DENTS and has done business under that name since July 2017 to the present.

5.    Defendant Jack Parker is an individual and, upon information and belief, resides at 474 N. River Drive SW, Lilburn, GA 30047, and can be served with process at his residence or by any other means allowed by law.

6.    Defendant Executive Auto Sales and Service, LLC is a Georgia limited liability company.  Executive Auto Sales and Service, LLC can be served with process through its registered agent, Jack Parker, at 3503 Diversified Dr., Loganville, Georgia, 30052.

7.    Defendant Cherie Parker is an individual and, upon information and belief, resides at 474 N. River Drive SW, Lilburn, GA 30047, and can be served with process at her residence or by any other means allowed by law.

8.    None of the Defendants are members or managers of Dingy Dents, LLC and have no claim to the name DINGY DENTS and/or Dingy Dents, LLC.

9.    The Court has personal jurisdiction over Defendants.

10.    The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because at least one of the claims arises under the laws of the United States.  The Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367 because all of the claims arising under state law are so related to the federal question claim that they form part of the same case or controversy under Article III of the United States Constitution.

11.    Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

### A.    The Parties

12.    Mr. Rivera is an automotive dent repair specialist with 25 years of experience in performing automotive damage repairs.

13.    Dingy Dents, LLC provides mobile automotive dent repair services throughout Georgia and South Carolina to a variety of body shops, rental car companies, and car dealerships.

14.    Rivera was the sole individual performing these repair services until approximately early 2020 when he engaged an independent contractor to assist Rivera as his business grew.  This individual, Christian Thomason, was issued a 1099 for his services to Dingy Dents.

15.    Throughout the course of his work in Georgia, Rivera met Mr. Parker, who runs a car wholesale business in Loganville, Georgia.

16.    During early 2017, Rivera told Mr. Parker that he had desires to open his own mobile dent repair company and become a small business owner.

17.    On or around April/May 2017, Rivera and Mr. Parker entered into an oral agreement whereby Executive Auto (owned exclusively by Mr. Parker) would

assist Rivera in starting Rivera's business, Dingy Dents, LLC (owned and operated exclusively by Mr. Rivera), and Mr. Parker would receive 50 percent commission on Dingy Dent's gross receipts.

18.    Mr. Parker specifically told Rivera during this conversation he did not want to be a part of Rivera's business in any official capacity.

19.    Mr. Parker did not provide a cash contribution in support of the formation of Dingy Dents, LLC.

20.    Mr. Parker simply offered to assist Rivera in developing customers and providing business advice.

21.    During July 2017, Rivera engaged counsel to assist him in the formation of his business, Dingy Dents.

22.    On July 11, 2017, Laughlin Associates, Inc. filed a Certificate of Organization with the Georgia Secretary of State to form Dingy Dents, LLC on Rivera's behalf.  A true and correct copy of the Certificate of Organization is attached hereto as Exhibit 1.  A true and correct copy of the Membership Certificate is attached hereto as Exhibit 2.

**B.    Dingy Dents' Ownership and Use of the DINGY DENTS Mark**

23.    Dingy Dents has used the DINGY DENTS Mark in commerce continuously since July 11, 2017, in connection with the provision, marketing,

advertising, and promotion of paintless dent repair services. Attached hereto as Exhibit 3 are photographs/screenshots/representative samples showing Dingy Dents' use of the DINGY DENTS Mark in connection with on-site vehicle repair services.

24.    Dingy Dents, LLC is the owner of Trademark Application Serial No. 90/059,755 for the mark DINGY DENTS in International Class 037 for "Automobile body repair and finishing for others" (the "DINGY DENTS Application") which was filed on July 17, 2020.

25.    As a result of its widespread, continuous, and exclusive use of the DINGY DENTS Mark to identify Dingy Dents as the source of its paintless dent repair services, Dingy Dents owns valid and subsisting federal statutory and common law rights to the DINGY DENTS Mark.

26.    The DINGY DENTS Mark is arbitrary or suggestive, therefore it is inherently distinctive.

27.    Plaintiffs' DINGY DENTS Mark is generally known to the public to identify Dingy Dents' services and to distinguish them from the products and services of others. The DINGY DENTS Mark function as an indicator of origin for Dingy Dents' services, and as such, are the exclusive property of Dingy Dents.

28.    Plaintiffs have expended substantial time, money, and resources marketing, advertising, and promoting the services sold under the DINGY DENTS Mark including through Dingy Dents' marketing, advertising, and promotional efforts.

29.    During the period from July 2017 to July 17, 2020 alone, Plaintiffs have expended approximately $15,000.00 on the marketing, advertising, and promotion of the services, including travel to visit potential customers and the costs associated therewith.  Most recently, Plaintiffs expended $2,000 on July 6, 2020 to Imperial Auto Sports for work on a car wrapping technology to wrap a car in the Dingy Dents logo.  Exhibit 4.

30.    As a result of Dingy Dents' expenditures and efforts, the DINGY DENTS Mark has come to signify the high quality of the services designated by the DINGY DENTS Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs.

31.    Today, Dingy Dents' services under the DINGY DENTS Mark are offered for sale and provided to consumers in Georgia and South Carolina and have been offered for sale throughout Georgia and South Carolina since long before July 17, 2020, Defendants' date of first use.

32.     Among other customers and body shops in Georgia, Dingy Dents provides its paintless dent repair services to vehicles owned by Acura of Augusta; Audi of Gwinnett; Courtesy Ford in Conyers, Georgia; Gerald Jones Ford in Augusta, Georgia; Malcolm Cunningham Chevrolet in Augusta, Georgia, Enterprise Rental Cars, in Atlanta, Georgia and Stokes Hodges Ford in Graniteville, South Carolina, under the DINGY DENTS Mark.

33.     Defendants are currently maintaining a website[1] and a Facebook page[2] offering identical services, paintless dent repair, under an identical mark, "Dingy Dents, LLC" (the "Infringing Mark"). Defendants are also driving the "wrapped car" to visit customers and divert them away from Dingy Dents.

34.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiffs' DINGY DENTS Mark, cause confusion and deception in the marketplace, and divert current customers and future sales of Plaintiffs' services to the Defendants.

35.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to its valuable

---

[1] https://www.dingydents.com/

[2] https://www.facebook.com/Dingy-Dent-Dent-Pro-104796464547897/

reputation and goodwill with the consuming public for which Plaintiffs have no adequate remedy at law.

**C.    The Subsequent Business Dealings Through July 11, 2020**

36.    Upon formation of Dingy Dents, LLC, Rivera began using the name Dingy Dents, LLC in conjunction with his Dingy Dents business, using the name to provide customers with estimates, issuing invoices for services, receiving payments, and issuing checks to pay bills, including payments to Mr. Parker and Executive Auto.

37.    Following formation of Dingy Dents, LLC, Rivera opened a business checking account with Navy Federal Credit Union on behalf of Dingy Dents, LLC. Plaintiffs have paid all expenses for the Dingy Dents business from this account.

38.    On December 11, 2017, over approximately seven months after their original verbal agreement for Mr. Parker to help Rivera start his business,  Mr. Parker sold Dingy Dents a 2016 Nissan NV200 van (the "Nissan Van") from Executive Auto.  A true and correct copy of the Bill of Sale is attached hereto as Exhibit 5.

39.    The Bill of Sale indicates that Dingy Dents LLC was the buyer of the Nissan Van sold by Executive Auto; and the Van was included in the expenses of Dingy Dents, LLC.

40.    Beginning on or about December 2018, Sanderson & Associates, LLC d/b/a Sanderson & Associates Accounting Services provided accounting services for the Dingy Dents business, including assistance with monthly financial records, tax returns, and other accounting services.

41.    Plaintiffs made monthly commission payments of 50 percent of Dingy Dent's gross receipts to Mr. Parker. Rivera would tally the receipts for the month and split them with Mr. Parker and then pay himself, only after he paid all of the expenses for Dingy Dents. Mr. Parker did not pay any monthly expenses associated with Dingy Dents.

42.    The checks were made payable to Mr. Parker personally briefly and then for the majority of the relationship made payable to Executive Auto.  Plaintiff Dingy Dents paid approximately $142,500 to Mr. Parker and Executive Auto between July 2018 and July 2020.  A true and correct copy of checks paid to Mr. Parker and Executive Auto are attached hereto as Exhibit 6.

43.    From Dingy Dents' inception to the present, Rivera: (a) performed the majority of all repair work for Dingy Dents; (b) paid all of Dingy Dents' monthly bills and advertising; (c) paid for Dingy Dents' commercial liability and license insurance; (d) paid for the insurance on the Nissan Van; (h) paid independent

contractors; and (i) paid for all aspects of the daily operations for the Dingy Dents business.

44.    On or about September 7, 2018, Dingy Dents was inadvertently administratively dissolved due to Rivera failing to receive notice from the registered agent that the LLC was scheduled to be dissolved for failing to pay the appropriate annual registration fee.

45.    Rivera was unaware the LLC had been administratively dissolved and continued using the name Dingy Dents, LLC.

**D.    <u>The Calculated and Malicious Conduct of Defendants in July 2020</u>**

46.    During July 2020, following the departure of a prior independent contractor, Rivera needed to engage a replacement. He tried to contact Mr. Parker to discuss but was unable to reach him by phone and had to engage him via text message.

47.    On July 10, 2020, at 8:10 p.m., Mr. Parker sent another text message to Rivera requesting that the two meet over the weekend because he was irritated that he had to pay Peyton Dunham, one of Mr. Parker's family members, out of Executive Auto's accounts.  Mr. Parker wanted Mr. Dunham transferred to Dingy Dents payroll and paid by Dingy Dents.

48.    Rivera responded via text message and confronted Mr. Parker about their arrangement and that he was dissatisfied in how it was progressing to Rivera's financial detriment.

49.    In response on July 10, 2020 at 10:07 p.m. Mr. Parker stated:

> I am still rolling to play catch up for my own company since I spent 4 hours today with Dingy Dents....we both put in a lot of hours.  I said we can talk next week.  If you are getting mad over some irrelevant BS like that then I don't know what to say.

50.    Mr. Parker sent a follow-up text message the following morning to Rivera:

> [D]isappointed in you brother.  I have never been disrespectful to you however do not take my kindness for a weakness let's get together tomorrow and try and resolve some issues of you can buy me out or I will buy you out and move forward.

See true and correct copy of text exchange attached hereto as Exhibit 7.

51.    Rivera and Mr. Parker met on July 12, 2020, and Rivera expressed his displeasure with the fact that he performed the repair services and paid for all expenses associated with operating Dingy Dents but received only 50% of the net profits.  In contrast, Executive Auto and Mr. Parker, received 50% of the gross profits and shared in none of the expenses of Dingy Dents, including what appeared

to be Mr. Parker's continued intent for Rivera to bear the burden of the growth of the business and additional payroll expenses.

52.    The arrangement resulted in Rivera earning significantly less money than Parker and was unconscionable.

53.    On July 14, 2020, Mr. Parker offered to "allow" Rivera to pay him $8,000 a month for two years ($192,000) and he would graciously "allow" Rivera to continue to operate his business under the name Rivera had always used in commerce – Dingy Dents, LLC.

54.    On July 14, 2020, at approximately 6:00 p.m., Rivera dropped off Executive Auto's latest monthly commission check for $8,000, returned the Nissan van, and picked up his personal vehicle, which Rivera had allowed another contractor to use on behalf of Dingy Dents, LLC.  Rivera also initiated a $675.00 payment to Mr. Dunham on behalf of Dingy Dents that was direct deposited to Mr. Dunham on or about the same day.

55.    Mr. Parker still retains the title to Rivera's personal vehicle and has failed to return it; Mr. Parker and agents of Executive Auto are currently using the wrapped vehicle Dingy Dents paid for with Dingy Dents logo.

56.    On or about July 14, 2020, Mrs. Parker, without any authority whatsoever, contacted Sanderson & Associates via telephone and email directing

Mrs. Sanderson to file the necessary documents with the Georgia Secretary of State to reinstate Dingy Dents, LLC.

57.    During this email exchange, and in support of the authority to issue this directive to Mrs. Sanderson, Mrs. Parker provided to Sanderson a document titled "Dingy Dents Operating Agreement," dated July 3, 2017, which purported to be a copy of an agreement between Rivera and Mr. Parker (the "Fake Operating Agreement").  A true and correct copy of the Fake Operating Agreement provided to Mrs. Sanderson on July 14, 2020 is attached hereto as Exhibit 8.

58.    Rivera did not sign the Fake Operating Agreement.

59.    Mrs. Parker also improperly directed Mrs. Sanderson to change the registered agent of Dingy Dents, LLC to Mrs. Parker.

60.    Mrs. Sanderson never advised Mr. Rivera that she had received an operating agreement from the Parkers and did not provide him an opportunity to declare his position regarding the Fake Operating Agreement.

61.    Mrs. Parker filed a request on July 14, 2020 to reinstate Dingy Dents, LLC, but failed to file the appropriate notarized statement to validate the reinstatement.

62.    Mr. Parker did not provide the notarized statement necessary to reinstate the LLC.

63.    The reinstatement was deemed deficient because Mrs. Sanderson failed to file the notarized statement required for reinstatement.

64.    Indeed, none of the Defendants provided a notarized statement for Mrs. Sanderson to file with the reinstatement request to the Georgia Secretary of State indicating that they were a member of the LLC at the time it was administratively dissolved.

65.    On July 17, 2020, at 1:48 p.m., Mr. Parker threatened Plaintiffs via text message as follows:

> This is an official ceased and desist [sic] using the name Dingy Dent [sic]. You are no longer an agent of the company.  You Will be receiving notification from my attorney...any further usage of the name will result in a lawsuit. Furthermore if you do not stop using the company name I will send a cease and desist pending litigation notification to all of the vendors to stop payments.

A true and accurate copy of the text message is attached hereto as Exhibit 9.

66.    On July 22, 2020, Mr. Parker's counsel contacted Plaintiffs' counsel for the first time, and provided a copy of the Fake Operating Agreement that had been provided, unbeknownst to Rivera, to his accountant on July 14, 2020.

67.    Rivera denies that there was ever a written agreement between himself and Mr. Parker regarding Dingy Dents, LLC and maintains it is a forgery.

68.    The Fake Operating Agreement does not state that Mr. Parker owns any of the membership units of Dingy Dents.

69.    The Fake Operating Agreement states that "Rivera will pay Jack Parker 50% of gross profits monthly."

70.    The Fake Operating Agreement states that "Dingy Dents name belongs to Jack Parker and all intellectual property associated with Dingy Dents LLC."

71.    The Fake Operating Agreement states that "this agreement can be terminated by either party with a 30 day written notice."

72.    On July 21, 2020 at 3:20 p.m. Mr. Parker sent a threatening text message to Mr. Rivera saying: "You were warned !!!" A true and accurate copy of the text message sent by Mr. Parker is attached hereto as Exhibit 10.

73.    On or about July 25, 2020, Mr. Parker, without authority to do so, modified the website for Dingy Dents.

74.    Rivera originated and developed the account with Acura of Augusta and Courtesy Ford.  The managers of Stokes Hodges Ford, Malcolm Cunningham Chevrolet, and Gerald Jones Ford, are colleagues of Mr. Parker that Rivera and Dingy Dents have worked with for years.

75.    On July 27, 2020, Mr. Parker personally visited Stokes Hodges Ford and had a meeting with the general manager for the used car division. During that

meeting, Mr. Parker made misrepresentations to the general manager that he could not work with Rivera because Mr. Parker owned Dingy Dents in its entirety.

76.    Later that day, after identifying over 8 cars on the lot of Stokes Hodges Ford that needed to be repaired, Rivera met with the general manager of the used cars division, as was his custom every Monday at this location.  The general manager told Rivera that he could not allow him to perform any work because Mr. Parker had directed him to cease doing business with Rivera.  He also told Rivera that Mr. Parker had specifically told him that Rivera could not lawfully operate under the Dingy Dents name because it belonged to Mr. Parker.  Mr. Parker's statements were and are false.  Rivera left the premises without repairing any cars, losing a substantial amount of revenue.  Rivera's reputation was damaged as a result of Mr. Parker's false and unlawful statements.

77.    On or about July 27, 2020, Mr. Parker also visited Acura of Augusta and met with Joseph Byrd, the General Manager.  During this conversation, Mr. Parker told Mr. Byrd that he was Mr. Rivera's boss and directed Mr. Byrd that he could no longer work with Rivera.  Rivera's reputation was damaged as a result of Mr. Parker's statements.

78.    Also on July 27, 2020, Mr. Parker visited Gerald Jones Ford in Augusta, Georgia and told Kevin Doolittle, the General Manager, to immediately stop doing

business with Rivera.  Indeed, Mr. Parker went so far as to direct the agents of Gerald Jones Ford to escort Mr. Rivera off the lot if he came to the dealership.

79.    When Rivera arrived at Gerald Jones Ford, Mr. Doolittle told him that Mr. Parker specifically instructed him to cease doing business with Rivera because he was using the name Dingy Dents.  Rivera's reputation was damaged as a result of Mr. Parker's statements and he lost revenue.

80.    Rivera then traveled to Malcolm Cunningham Chevrolet and met with Deadrick White, a Sales and Leasing Consultant.  Mr. White told Mr. Rivera that Mr. Parker had visited the dealership earlier that day and specifically instructed them to cease working with Rivera.  Mr. White then took Rivera to see Will Johnson, the Used Car Division Manager.  Mr. Johnson reiterated that, per the directive of Mr. Parker, they could no longer allow him on the lot to perform any services.  Rivera's reputation was damaged as a result of Mr. Parker's statements and he lost revenue.

81.    The same day July 27, 2020, Mr. Parker visited Courtesy Ford in Conyers, Georgia and wanted to know if an employee in the body shop had received the "new W-9" for Dingy Dents so that all payments can be made to Mr. Parker directly.

82.    Mr. Parker has subsequently received payments for services rendered by Rivera and Dingy Dents upon submission of a substitute W-9 that Mr. Parker distributed to Dingy Dents' customers.

83.    On July 24, 2020, Rivera received a notice from his bank stating that Audi of Gwinnett had placed a stop payment on a $3,600 check (the "Stop Payment Notice") paid to Dingy Dents for services rendered during June 2020.  A true and correct copy of the Stop Payment Notice is attached hereto as Exhibit 11.

84.    Jack Parker's son, Jonathan Parker, is employed at Audi of Gwinnett and specifically told Rivera he could no longer do business with Rivera, because of statements made by Mr. Parker.  Jonathan Parker did not disclose to Rivera at the time that he had issued a stop payment on a check that was issued for services Rivera provided in June 2020.

85.    As of July 29, 2020, Dingy Dents, LLC has been re-instated with the Georgia Secretary of State after Mr. Rivera submitted the notarized statement that he was the sole member of Dingy Dents LLC at the time it was administratively dissolved.  A true and correct copy of the Certificate of Reinstatement is attached hereto as Exhibit 12.

86.    On July 30, 2020, despite having been told not to contact Rivera in any manner by his counsel, Rivera received a call from a blocked phone number. When

he answered the call, Mr. Parker aggressively said "are you ready to settle?" Rivera ended the call immediately. Rivera received an additional call from Mr. Parker that he did not answer on July 31, 2020.

87.    On August 1, 2020, at 1:30 a.m., without authorization, Mr. Parker filed a false Annual Registration with the Georgia Secretary of State, purporting to change Dingy Dent's Principal Office Address to the address of Mr. Parker's company, Executive Auto, and purporting to change himself to be the registered agent. A true and correct copy of this unauthorized filing is attached hereto as Exhibit 13.

88.    Dingy Dent's sole member, Rivera, did not authorize Mr. Parker to do this.

## COUNT 1: FEDERAL UNFAIR COMPETITION – TRADEMARK INFRINGEMENT

## (BY DINGY DENTS, LLC AGAINST JACK PARKER)

89.    Dingy Dents hereby incorporates paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

90.    Section 43(a)(1)(A) of Lanham Act, 15 U.S.C. § 1125(a)(1)(A), provides that

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination

thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

91.    Mr. Parker's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Mr. Parker's services, and is likely to cause consumers to believe, contrary to fact, that Mr. Parker's services are sold, authorized, endorsed, or sponsored by Dingy Dents, or that Mr. Parker's is in some way affiliated with or sponsored by Dingy Dents.

92.    Mr. Parker's false and misleading statements that he is the owner of the Dingy Dents name and company as alleged herein are likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Mr. Parker's services, and is likely to cause consumers to believe, contrary to fact, that Mr. Parker's services are sold, authorized, endorsed, or sponsored by Dingy Dents, or that Mr. Parker is in some way affiliated with or sponsored by Dingy Dents.

93.     Upon information and belief, Mr. Parker's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Mr. Parker with Dingy Dents.

94.     Mr. Parker's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

95.     Mr. Parker's conduct as alleged herein is causing immediate and irreparable harm and injury to Dingy Dents, and to its goodwill and reputation, and will continue to both damage Dingy Dents and confuse the public unless enjoined by this court. Dingy Dents has no adequate remedy at law.

96.     Dingy Dents is entitled to, among other relief, injunctive relief and an award of actual damages, Mr. Parker's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT 2: FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN

## (BY DINGY DENTS, LLC AGAINST JACK PARKER)

97.     Dingy Dents hereby incorporates paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

98.    Section 43(a)(1)(B) of Lanham Act, 15 U.S.C. § 1125(a)(1)(B), provides that

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

99.    Mr. Parker's false statements of ownership of the DINGY DENTS Mark and of Dingy Dents, LLC, and Mr. Parker's use of the website at www.dingydents.com and the Facebook page to offer services under Rivera's company name Dingy Dents, LLC—of which he is not currently nor has he ever been a member—constitutes use of a false designation of origin and misleading description and representation of fact in commercial advertising that misrepresents the nature, characteristics, qualities, or origin of his services.

100.    Upon information and belief, Mr. Parker's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Mr. Parker with Dingy Dents.

101.   Mr. Parker's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

102.   Mr. Parker's conduct as alleged herein is causing immediate and irreparable harm and injury to Dingy Dents, and to its goodwill and reputation, and will continue to both damage Dingy Dents and confuse the public unless enjoined by this court. Dingy Dents has no adequate remedy at law.

## COUNT 3: DECLARATORY JUDGMENT

103.   Plaintiffs hereby incorporate paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

104.   Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* There is an actual controversy between Plaintiffs and Defendants and a declaratory judgment is necessary to resolve the dispute surrounding Rivera and Parker's alleged ownership claims in Dingy Dents, LLC and the name "Dingy Dents."

105.   Rivera is and has always been the sole member of Dingy Dents, LLC.

106.   Mr. Parker has represented to numerous third parties (and the Georgia Secretary of States as of August 1, 2020) that he owns Plaintiff Dingy Dents and its business operations and intellectual property rights associated with the name "Dingy Dents."

107.   Mr. Parker has directed numerous third parties to cease doing business with Rivera and they have ceased doing business with Rivera to his detriment.

108.   Mr. Parker does not own or have any rights, however phrased, to the name Dingy Dents.

109.   Mr. Parker has mandated customers of Dingy Dents to stop payments on checks for services rendered by Dingy Dents and mandated other customers of Plaintiffs to refrain from using Plaintiffs or paying Plaintiffs for any outstanding invoices.

110.   On July 17, 2020, Mr. Parker sent the following text message to Rivera:

> This is an official ceased [sic] and desist using the name Dingy Dent [sic]. You are no longer an agent of the company.  You Will be receiving notification from my attorney...any further usage of the name will result in a lawsuit. Furthermore if you do not stop using the company name I will send a cease and desist pending litigation notification to all of the vendors to stop payments.

(*See* Exhibit 9.)

111.   An actual or justiciable controversy exists between the Parties with respect to ownership and control of Dingy Dents, LLC and the name "Dingy Dents."

112.   It is necessary and proper that the rights and status among the Parties be declared to reflect the respective interests that Rivera and Mr. Parker hold in Dingy Dents, LLC and ownership of the name "Dingy Dents."

113.   Rivera seeks a declaratory judgment that (1) he is the sole member and manager of Dingy Dents, LLC; (2) the alleged "Dingy Dents Operating Agreement," dated July 3, 2017 is invalid, null and void; and (3) none of the Defendants "own" or have any rights, however phrased, to the name Dingy Dents.

## COUNT 4:  INJUNCTIVE RELIEF

## (BY RIVERA AGAINST JACK PARKER AND CHERIE PARKER)

114.   Rivera hereby incorporates paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

115.   Equity, by a writ of injunction, may restrain a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law. O.C.G.A. § 9-5-1.

116.   An injunction is necessary to prevent Mr. Parker from continuing his defamatory, tortious and otherwise malicious and unlawful conduct set forth herein, which is illegal, contrary to equity and conscience, and is causing Rivera harm for which there is no adequate remedy at law.

117.   Pursuant to O.C.G.A. § 9-5-10, Fed. R. Civ. P. 65, and 28 U.S.C. §§ 2202, Rivera is entitled to interlocutory and permanent injunctive relief directing Defendants and all persons in active concert with them to immediately:

(a)    Acknowledge and recognize that Rivera is the sole member and manager of Dingy Dents, LLC;

(b)    Acknowledge and recognize that Mr. Parker is not a member or manager of Dingy Dents, LLC and has no interest in Dingy Dents, LLC;

(c)    Acknowledge and recognize that the alleged "Dingy Dents Operating Agreement," dated July 3, 2017 is invalid, null and void;

(d)    Withdraw and void any W-9 improperly issued on behalf of Dingy Dents, LLC directing payment to Executive Auto or Jack Parker or any other entity owned or operated by Jack Parker or any entity from which Jack Parker receives income;

(e)    Provide an accounting for any receipts for Dingy Dents commencing July 14, 2020 forward;

(f)    Prepare a list of all individuals and businesses Mr. Parker has contacted and told they cannot do business with Rivera;

(g)    Restore Rivera with full access to Dingy Dents' website, social media, telephone numbers, and email accounts;

(h)    Issue written directives to all companies or businesses or individuals that Mr. Parker has unlawfully contacted and directed to cease doing business with Rivera or to stop payment or not pay

outstanding invoices to Plaintiffs and acknowledge to these companies or businesses that Mr. Parker does not "own" or have any rights, however phrased, to the name Dingy Dents;

(i)     Notify all Dingy Dents, LLC employees, personnel, vendors, independent contractors, clients, customers, and accounts, including but not limited to, (1) Enterprise; (2) Acura of Augusta; (3) Gerald Jones Ford in Augusta, Georgia; (4) Malcolm Cunningham Ford; (5) Courtesy Ford in Conyers, Georgia; and (6) Stokes Hodges Ford in South Carolina, that Rivera is the sole member and manager of Dingy Dents, LLC and that Mr. Parker has no rights to the name Dingy Dents and has no membership interest or control over Dingy Dents, LLC; and

(j)     Cease and desist from transacting any business or contacting Dingy Dents, LLC employees, personnel, vendors, independent contractors, clients, customers, or accounts without written permission of Rivera.

118.  As discussed herein, Mr. Parker has engaged in wrongful conduct which has caused third parties to discontinue business relationships with Rivera.

119.   Mr. Parker has repeatedly continued to engage in such unlawful and improper behavior and will continue to do so every day that Rivera is denied injunctive relief.

120.   This unlawful conduct has harmed, and is continuing to harm, Rivera.

121.   There exists a substantial threat that Rivera will suffer and continue to suffer irreparable injury if the injunction is not granted, as Rivera and Dingy Dents' reputation has been, and will continue to be harmed, and Dingy Dents' accounts and potential accounts have ceased and will continue to cease doing business with Rivera.

122.   Mr. Parker is physically visiting numerous customer locations and mandating that the customers cease doing business with Rivera.

123.   Mr. Parker is also filing unauthorized documents with the Georgia Secretary of State as of August 1, 2020.

124.   There is no threatened injury to the Defendants if the Court grants injunctive relief.  Even if there is, the threatened injury to Rivera far outweighs the threat and harm that the injunction may do to Defendants.

125.   Indeed, Defendants will not be harmed by granting this injunctive relief, as Defendants are not competitors in the business (Mr. Parker runs a car wholesale business).

126.    Mr. Parker's position regarding his ownership interest in Dingy Dents, if to be believed, will actually benefit from the grant of injunctive relief, as it will allow Dingy Dents to continue making money for its lawful owners.

127.    As alleged herein, there is a substantial likelihood that Plaintiffs will prevail on the merits of their claims at trial.

128.    Granting injunctive relief will not disserve the public interest.

## COUNT 5: TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

### (BY PLAINTIFFS AGAINST JACK PARKER)

129.    Plaintiffs hereby incorporate paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

130.    As alleged in further detail herein, Mr. Parker, acting improperly and without privilege and with malice and intent to injure, induced a breach of contractual and/or business obligations and caused third parties to discontinue or fail to enter into anticipated business relationships with Rivera operating Dingy Dents, LLC.  Such third parties include but are not limited to, (1) Enterprise; (2) Courtesy Ford in Conyers, Georgia; (3) Stokes Hodges Ford, in Graniteville, South Carolina; (4) Acura of Augusta, Georgia; (5) Malcolm Cunningham Chevrolet in Augusta, Georgia; and (6) Gerald Jones Ford in Augusta, Georgia.

131.   As a direct and proximate result of Mr. Parker's improper acts and interference, Plaintiffs have been harmed in an amount to be determined at trial.

## COUNT 6: FORGERY

### (BY PLAINTIFFS AGAINST JACK PARKER)

132.   Plaintiffs hereby incorporate paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

133.   O.C.G.A. § 16-9-93 provides, in part, "[a]ny person who creates … any data contained in any computer …, who, if such person had created … a tangible document or instrument would have committed forgery under Article 1 of this chapter, shall be guilty of the crime of computer forgery."

134.   O.C.G.A. § 16-9-1(b) provides:

A person commits the offense of forgery in the first degree when with the intent to defraud he or she knowingly makes, alters, or possesses any writing, other than a check, in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.

135.   O.C.G.A. § 16-9-1(c) provides:

A person commits the offense of forgery in the second degree when with the intent to defraud he or she knowingly makes, alters, or possesses any writing, other than a check, in a fictitious name or in such manner that the writing as made or altered purports to have been made

by another person, at another time, with different provisions, or by authority of one who did not give such authority."

136.   Mr. Parker created the Fake Operating Agreement using a computer.

137.   Mr. Parker forged Rivera's signature on the Fake Operating Agreement or, in the alternative, affixed it to the document using PDF technology without Rivera's consent.

138.   Mr. Parker has used the Fake Operating Agreement as a basis to communicate false information regarding the ownership and control over Dingy Dents to third parties, including clients and accounts of Dingy Dents.

139.   Such conduct violates O.C.G.A. § 16-9-1(b) and/or (c).

140.   Such conduct violates O.C.G.A. § 16-9-93(d).

141.   As a direct and proximate result of Mr. Parker's improper acts, Plaintiffs have been harmed in an amount to be determined at trial.

142.   Mr. Parker is civilly liable to Plaintiffs pursuant to O.C.G.A. § 16-9-93(g).

## **COUNT 7: DEFAMATION**

### **(BY RIVERA AGAINST JACK PARKER)**

143.   Rivera hereby incorporates paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

144.   Mr. Parker has published false and defamatory statements to: (1) Enterprise; (2) Courtesy Ford in Conyers, Georgia; (3) Stokes Hodges Ford, in Graniteville, South Carolina; (4) Acura of Augusta, Georgia; (5) Gerald Jones Ford in Augusta, Georgia; (6) Malcolm Cunningham Chevrolet in Augusta, Georgia and (7) Audi of Gwinnett against Plaintiff Rivera in reference to his trade, office, or profession, calculated to injure him therein.

145.   Mr. Parker among other things, told the above referenced third parties that Rivera was not authorized to conduct business on behalf of or in the name of Dingy Dents.

146.   Mr. Parker also directed Audi of Gwinnett to stop payment on a check that was issued to Rivera on behalf of Dingy Dents on the basis of these false and defamatory statements.

147.   Mr. Parker also falsely, and with no legal justification, directed third parties to issue checks to him rather than to Rivera, as they had always previously done, to pay for services rendered by Dingy Dents based on Mr. Parker's false statements that Rivera could no longer work under the name Dingy Dents because Mr. Parker owned the name and the company.

148.   Said charges were not true.

149.   Said statements were not privileged.

150. Said statements state or imply defamatory facts about Rivera that are capable of being proved as false.

151. As a direct and proximate result of Mr. Parker's defamatory charges against Rivera, Rivera was injured in an amount to be determined at trial.

## COUNT 8: FRAUD

### (BY PLAINTIFFS AGAINST JACK PARKER)

152. Plaintiffs hereby incorporate paragraphs 1 through 88 above and the Exhibits attached hereto as if fully set forth and pleaded specifically herein.

153. Mr. Parker made the foregoing misrepresentations of material facts willfully to deceive clients of Dingy Dents. Such misrepresentations were acted on by clients of Dingy Dents in that they ceased doing business with Dingy Dents and Rivera.

154. As a result, Dingy Dents and Rivera were damaged in an amount to be proven at trial.

## COUNT 9: CONVERSION

### (BY PLAINTIFFS AGAINST DEFENDANTS MR. PARKER AND EXECUTIVE AUTO)

155. Plaintiffs hereby incorporate paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

156.   On or about July 14, 2020, Mr. Parker submitted W-9s to clients of Plaintiffs' customers and directed them to submit checks to Mr. Parker or Executive Auto for work Mr. Rivera performed. Mr. Parker has received and unlawfully usurped payments that belong to Plaintiffs.

157.   Plaintiffs have a right of possession of these payments.

158.   Mr. Parker and/or Executive Auto have actual possession of these payments.

159.   Plaintiffs have demanded return of these payments.

160.   Mr. Parker and Executive Auto have refused to return these payments.

161.   As a result, Dingy Dents and Rivera have been damaged in an amount to be proven at trial.

## COUNT 10: CONSPIRACY

### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

162.   Plaintiffs hereby incorporate paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

163.   Defendants had an agreement and understanding to act in concert, and with a common design, to defraud Plaintiffs, attempt to usurp Dingy Dents, and to induce clients of Rivera and Dingy Dents to cease doing business with Plaintiffs and to stop payments, as discussed above.

164.   As a result, Dingy Dents and Rivera were damaged in an amount to be proven at trial.

## [ALTERNATIVE] COUNT 11: TORTIOUS DEPRIVATION OF LIMITED LIABILITY COMPANY INTEREST

### (BY RIVERA AGAINST JACK PARKER)

165.   Rivera hereby incorporates paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

166.   Mr. Parker has never had any valid membership interest in Dingy Dents, LLC.

167.   Thus, Rivera seeks a declaratory judgment that he is and always has been the sole member of Dingy Dents, LLC. In the unlikely event that the Court determines that Mr. Parker has or had an interest in Dingy Dents, LLC, any such purported interest was procured by fraud and other tortious conduct. Thus, Rivera asserts these alternative claims against Mr. Parker.

168.   Dingy Dents, LLC was capitalized entirely by Rivera.

169.   Mr. Parker did not contribute any capital to fund Dingy Dents, LLC.

170.   Mr. Parker, without the knowledge or consent of Rivera, created a document titled Dingy Dents Operating Agreement, dated July 3, 2017 (the "Fake Operating Agreement").

171.   Mr. Rivera did not sign the Fake Operating Agreement.

172.   On information and belief, Mr. Parker forged Rivera's signature on the Fake Operating Agreement.

173.   Mr. Parker is using the Fake Operating Agreement as a basis to claim he owns Dingy Dents, LLC.

174.   Mr. Parker does not own any of the membership units of Dingy Dents, LLC.

175.   The Fake Operating Agreement does not state that Rivera owns 50% of the membership units of Dingy Dents, LLC.

176.   Rivera owns 100% of the membership units of Dingy Dents, LLC.

177.   To the extent that Mr. Parker claims he has a membership interest in Dingy Dents, LLC (which Rivera denies), Mr. Parker obtained the same by fraud and other tortious acts. The alleged interest in Dingy Dents, LLC was wrongfully converted from Rivera, and so—in the alternative—if the Court does not grant the declaratory relief requested above, Mr. Parker is liable for depriving Rivera of his 100% interest in Dingy Dents, LLC.

178.   Rivera has been damaged as a result and is entitled to all remedies allowed, including return of Mr. Parker's claimed interest in Dingy Dents, LLC.

**[ALTERNATIVE] COUNT 12: BREACH OF CONTRACT**

**(BY RIVERA AGAINST JACK PARKER)**

179.   Rivera hereby incorporates paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

180.   Assuming alternatively, for the sole sake of argument that the Fake Operating Agreement is not void or otherwise invalid, Mr. Parker breached the Fake Operating Agreement.

181.   The Fake Operating Agreement states that, "[t]here shall be no business or financial decisions made without both parties agreement and written consent."

182.   Mr. Parker breached the Fake Operating Agreement by making business and financial decisions without the consent of Rivera.

183.   Mr. Parker breached the Fake Operating Agreement by failing to honor the 30 day written termination period and immediately usurping payments owed to Dingy Dents and redirecting them to him.

184.   As a direct and proximate cause of Mr. Parker's breaches of the Fake Operating Agreement, Dingy Dents lost thousands of dollars of business, including from: (1) Courtesy Ford in Conyers, Georgia; (2) Stokes Hodges Ford, in Graniteville, South Carolina; (3) Malcolm Cunningham Chevrolet, in Augusta,

Georgia; and (4) Gerald Jones Ford in Augusta, Georgia that Rivera knows of to date.

185.   In turn, as a member of Dingy Dents, Rivera was damaged in an amount to be proven at trial.

## COUNT 13: UNJUST ENRICHMENT

## (BY PLAINTIFFS AGAINST JACK PARKER AND EXECUTIVE AUTO)

186.   Plaintiffs hereby incorporate paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

187.   Mr. Parker and Executive Auto have received money from Dingy Dents and Rivera to which Mr. Parker and Executive Auto are not entitled to recover according to what is just and good and which Mr. Parker and Executive Auto cannot in good conscience retain.

188.   Mr. Parker and Executive Auto have received money from Dingy Dents' customers to which Mr. Parker is not entitled to recover according to what is just and good and which Mr. Parker cannot in good conscience retain.

189.   As a result, Dingy Dents and Rivera were damaged in an amount to be proven at trial.

## [ALTERNATIVE] COUNT 14: BREACH OF TRUST, LOYALTY AND FIDUCIARY DUTIES

## (BY PLAINTIFFS AGAINST JACK PARKER)

190.    Plaintiffs hereby incorporate paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

191.    Assuming for the sole sake of argument that the Dingy Dents Operating Agreement dated July 3, 2017 is not void or otherwise invalid, Mr. Parker breached fiduciary duties to Rivera and Dingy Dents.

192.    Mr. Parker owed a duty not to place his personal interest ahead of the interest of Plaintiffs.

193.    As alleged herein, Mr. Parker breached his fiduciary duties to Rivera and Dingy Dents, LLC by inducing accounts/clients and potential accounts/clients of Dingy Dents to not engage in business with Dingy Dents.  These include, but are not limited to: (1) Courtesy Ford in Conyers, Georgia; (2) Stokes Hodges Ford, in Graniteville, South Carolina; (3) Acura of Augusta, Georgia; (4) Gerald Jones Ford in Augusta, Georgia; (5)  Malcolm Cunningham Chevrolet in Augusta, GA; and (6) Enterprise Rental Cars, in Atlanta, GA.

194.    Mr. Parker's breaches of fiduciary duties and duty of loyalty actually and proximately caused Plaintiffs' damages for which Mr. Parker is liable in an amount to be determined at trial.

## COUNT 15: ATTORNEY FEES AND COSTS OF LITIGATION (O.C.G.A. § 13-6-11)

### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

195.   Plaintiffs hereby incorporate paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

196.   Defendants have been stubbornly litigious, acted in bad faith, and caused Plaintiffs unnecessary trouble and significant expense. Accordingly, Plaintiffs are entitled to recover attorneys' fees and costs and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT 16: PUNITIVE DAMAGES (O.C.G.A. § 51-12-5.1)

### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

197.   Plaintiffs hereby incorporate paragraphs 1 through 88 above as if fully set forth and pleaded specifically herein.

198.   Defendants' actions alleged herein show willful misconduct, fraud, wantonness, oppression, and an entire want of care, which raise the presumption of Defendants' conscious indifference to the consequences of their actions. Therefore, Defendants are liable to Plaintiffs for punitive damages in an amount to be determined in the enlightened conscience of the jury.

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues so triable in the above-styled action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant judgment against Defendants as follows:

a.    That process issue and all Defendants be served in accordance with law;

b.    That the Court award judgment in favor of Plaintiffs and against Defendants, jointly and severally, for damages in an amount to be determined at trial;

c.    That the Court award judgment in favor of Plaintiffs and against Defendants, jointly and severally, for punitive damages in an amount to be determined at trial;

d.    That the Court award Plaintiffs judgment against Defendants, jointly and severally, for all of attorney fees and expenses of litigation incurred in this matter;

e.    That the Court award declaratory judgment in favor of Plaintiffs and against Defendants, declaring that Rivera is the sole member and manager of Dingy Dents, LLC and other declaratory relief as set forth herein;

f.    For an interlocutory and permanent injunction against Defendants as set forth herein and specifically enumerated in the count for injunctive relief; and

g.    For such further legal and equitable relief, which this Court deems just and appropriate.

Respectfully submitted this 1st day of August, 2020.

/s/*Christine S. Tenley*
Christine S. Tenley
Georgia Bar No. 702145
ctenley@burr.com

/s/ *Kevin R. Stone*
Kevin R. Stone
Georgia Bar No. 830640
kstone@burr.com

/s/ *Juan Rodriguez*
Juan Rodriguez
Georgia Bar No. 229495
jrodriguez@burr.com

BURR & FORMAN LLP          /s/ *Patrick Reid*
171 Seventeenth Street, N.W.    Patrick Reid
Suite 1100                preid@burr.com
Atlanta, Georgia  30363        *pro hac vice application to be*
(404) 281-3105             *submitted*
(404) 815-3000
(404) 817-3244 (fax)           *Attorneys for Plaintiffs*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this __1__ day of __August__ 2020.

_____

Wilburt Rivera

# Exhibit 1

Control Number : 17075890

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ORGANIZATION

I, **Brian P. Kemp**, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Dingy Dents, LLC**
a **Domestic Limited Liability Company**

has been duly organized under the laws of the State of Georgia on **07/11/2017** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on **07/14/2017**.



Brian P. Kemp
Secretary of State

**ARTICLES OF ORGANIZATION**

*Electronically Filed*
Secretary of State
Filing Date: 7/11/2017 3:11:28 PM

| BUSINESS INFORMATION | |
|---|---|
| **CONTROL NUMBER** | 17075890 |
| **BUSINESS NAME** | Dingy Dents, LLC |
| **BUSINESS TYPE** | Domestic Limited Liability Company |
| **EFFECTIVE DATE** | 07/11/2017 |

| PRINCIPAL OFFICE ADDRESS | |
|---|---|
| **ADDRESS** | 35 Clear Springs Ct, Oxford, GA, 30054, USA |

| REGISTERED AGENT'S NAME AND ADDRESS | |
|---|---|
| **NAME** | **ADDRESS** |
| National Registered Agents, Inc. | 289 S. Culver Street, Fulton, Lawrenceville, GA, 30046, USA |

| ORGANIZER(S) | | |
|---|---|---|
| **NAME** | **TITLE** | **ADDRESS** |
| Brent Buscay | ORGANIZER | 9120 Double Diamond Pkwy, Reno, NV, 89521, USA |

| OPTIONAL PROVISIONS |
|---|
| N/A |

| AUTHORIZER INFORMATION | |
|---|---|
| **AUTHORIZER SIGNATURE** | Brent Buscay |
| **AUTHORIZER TITLE** | Organizer |

# Exhibit 2



Organized under the laws of the State of Georgia

1

100 %

# Dingy Dents, LLC

## MEMBERSHIP CERTIFICATE

See Reverse for Certain Restrictions

This Certifies that _____WIlBurt Rivera_____

is a member of the above named Limited Liability Company and is entitled to the full benefits and privileges of such membership, subject to the duties and obligations, as more fully set forth in the Limited Liability Company Operating Agreement.

In Witness Whereof the Limited Liability Company has caused this Certificate to be executed by its duly authorized members this ___24___ day of ___July___, ___2017___, and its Limited Liability Company seal to be hereunto affixed.

_____

_____
Manager

# Exhibit 3



**From:** Facebook Ads Team
**Sent:** Thursday, August 31, 2017 7:22 AM
**To:** Yokasta Marte
**Subject:** Tu primer recibo publicitario de Facebook (identificador de la cuenta: 465092753568331)

 Recibo de Yokasta Marte (Identificador de la cuenta: 465092753568331)

### Hola, Yokasta:

Este es tu primer recibo publicitario de Facebook. Ahora que pagas por tus anuncios, conoce cómo se te facturan:

 Recibirás la próxima facturación cuando tus gastos publicitarios lleguen a $25,00 o a final de mes, lo que ocurra antes.

 Tú controlas cuánto gastas en anuncios y durante cuánto tiempo están en circulación, por lo que nunca te cobraremos un importe superior al presupuesto que definiste.

 Puedes ver la factura final en cualquier momento en la sección "Facturación" del administrador de anuncios.

## Resumen

CANTIDAD FACTURADA

# $19,96 USD

INTERVALO DE FECHAS
**17 de agosto de 2017 15:30 - 27 de agosto de 2017 15:07**

TIPO DE PRODUCTO
**Anuncios de Facebook**

MOTIVO DE FACTURACIÓN
**Gastos publicitarios restantes a final de mes.**

MÉTODO DE PAGO
**VISA *8206**

NÚMERO DE REFERENCIA 
**7NTXLDWYE2**

| CAMPAÑA | RESULTADOS | IMPORTE |
|---|---|---|
| [17/08/2017] Promoción de Dingy Dent's | **919**<br>Impresiones | **$19,96** |

Identificador de la transacción: 1396598660453440-2767954

Gracias.
El equipo de publicidad de Facebook

**Administrar tus anuncios**     **Ver el recibo completo**

No respondas a este mensaje porque es automático. Si tienes preguntas sobre los anuncios, puedes obtener ayuda. También puedes administrar la configuración de notificaciones por correo electrónico para esta cuenta publicitaria.
Facebook, Inc., Attention: Community Support, 1 Hacker Way, Menlo Park, CA 94025

2:07

< **Ads Manager**

**Create Ad**                                    >

**ALL CAMPAIGNS**                               

👍 **[17/08/2017] Promoción de Dingy Dent's**   >
   Completed · 10 Page Likes

**Billing**                                      >

**Manage Notifications**                         >

    

1:57



Dingy Dent's



**Home**   Events   Posts   Photos   Shop   Offers   G

(i) Boost Unavailable

 **Dingy Dent's** updated their profile picture.
Aug 17, 2017 · 🌐                                   • • •



 Like           Comment           Share

**Promote Page**

            

1:57

 Dingy Dent's

Home   Events   Posts   Photos   Shop   Offers

See All

 **Dingy Dent's** updated their cover photo.
Aug 19, 2017 ·



Like   Comment   Share



1:57

Q Dingy Dent's

≡ Overview    ⓘ Resources & Tools    📢 Ads

**Add More Information to Dingy Dent's**
You're missing some details for your Page. Help people discover and learn about your Page by adding more information.

Get Started



Edit



# Dingy Dent's
Create Page @username

**Add Button**

✏️ Publish    📷 Photo    📢 Promote    👁 View As

⭐ No Rating Yet • Product/Service

Home  Events  Posts  Photos  Shop  Offers

🏠  🏪  👥  🔔  ☰

5:54

# Update Page Info

Category

**Product/Service**

Profile And Cover Photo



🖼 Edit



\+ Add website

Description

Dents Dings
Crease Hail Damage
678 656 5364
Wilburt Rivera
Paintless Dent Repair

 **Contact**

5:52

 Dingy Dent's 

Home    Events    Posts    Photos    Shop    Offers    G

purpose of a Page. See actions taken by the people who manage and post content.

See All ›

 **Dingy Dent's** updated their cover photo.
Aug 19, 2017 · 🌐



5:52

 Dingy Dent's 

**Home**  Events  Posts  Photos  Shop  Offers  G

ⓘ Boost Unavailable

 **Dingy Dent's** updated their profile picture.
Aug 17, 2017 · 🌐                           •••



👍 Like            💬 Comment            ↪ Share

**Promote Page**

        

5:52

🔍 Dingy Dent's ⚙️

**Home**   Events   Posts   Photos   Shop   Offers



👍 Like          💬 Comment          ↗ Share

**Promote Page**

Album **Dents**

 **Dingy Dent's** added 3 new photos.
Aug 18, 2017 · 🌐                                    •••





5:50

Dingy Dent's

# Dingy Dent's

Overview    Notifications    News Feed



**Add More Information to Dingy Dent's**
You're missing some details for your Page. Help people discover and learn about your Page by adding more information.

**Get Started**



Edit

# Dingy Dent's
Create Page @username

**Add Button**

Publish    Photo    Edit Page

No Rating Yet • Product/Service

5:52



← Dingy Dent's ⚙

Overview    Resources & Tools    Ads



### Add More Information to Dingy Dent's ✕

You're missing some details for your Page. Help people discover and learn about your Page by adding more information.

**Get Started**



📷 Edit



# Dingy Dent's

Create Page @username

**Add Button**

✏️ Publish    📷 Photo    📣 Promote    👁 View As

💬 **No Rating Yet** • Product/Service

**Home**    Events    Posts    Photos    Shop    Offers

🏠    🏪    👥    🔔    ☰

# Exhibit 4



p. 1/8

**Blue Business℠ Plus Credit Card**
DINGY DENTS LLC
WILBURT RIVERA
Closing Date 07/27/20    Next Closing Date 08/27/20
Account Ending 8-73007

Customer Care:   1-800-521-6121
TTY:   1-800-221-9950
Website:   americanexpress.com

| New Balance | ■■■■ |
|---|---|
| **Minimum Payment Due** | ■■■ |
| **Payment Due Date** | **08/21/20** ‡ |

‡**Late Payment Warning:** If we do not receive your Minimum Payment Due by the Payment Due Date of 08/21/20, you may have to pay a late fee of up to $39.00 and your APRs may be increased to the Penalty APR of 29.24%.



**Membership Rewards® Points**
Available and Pending as of 06/30/20
**106,142**
For up to date point balance and full program details, visit **membershiprewards.com**

**Account Summary**

| Previous Balance | ■■■■ |
|---|---|
| Payments/Credits | ■■■ |
| New Charges | ■■ |
| Fees | +$0.00 |
| Interest Charged | +$0.00 |

| **New Balance** | ■■ |
|---|---|
| **Minimum Payment Due** | |

| Credit Limit | ■■■ |
|---|---|
| Available Credit | |

Days in Billing Period:  31

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges and each month you pay... | You will pay off the balance shown on this statement in about... | And you will pay an estimated total of... |
|---|---|---|
| Only the Minimum Payment Due | 5 years | $2,009 |
| $48 | 3 years | $1,729 *(Savings = $280)* |

If you would like information about credit counseling services, call 1-888-733-4139.

See page 2 for important information about your account.

Please refer to the **IMPORTANT NOTICES** section on **pages 7 - 8.**

*Continued on page 3*

↓ Please fold on the perforation below, detach and return with your payment ↓

 **Payment Coupon**
Do not staple or use paper clips

 **Pay by Computer**
americanexpress.com/ business

 **Pay by Phone**
1-800-472-9297

**Account Ending 8-73007**
Enter 15 digit account # on all payments. Make check payable to American Express.

WILBURT RIVERA
DINGY DENTS LLC
35 CLEAR SPRING CT
OXFORD GA 30054-4644

| | |
|---|---|
| Payment Due Date | **08/21/20** |
| Minimum Payment Due | ■■■ |

See reverse side for instructions on how to update your address, phone number, or email.

AMERICAN EXPRESS
P.O. BOX 1270
NEWARK NJ 07101-1270

$ _____ • _____
**Amount  Enclosed**

00003499962611167970 00013043100003500 23 H

**Payments:** Your payment must be sent to the payment address shown on your statement and must be received by 5 p.m. local time at that address to be credited as of the day it is received. Payments we receive after 5 p.m. will not be credited to your Account until the next day. Payments must also: (1) include the remittance coupon from your statement; (2) be made with a single check drawn on a US bank and payable in US dollars, or with a negotiable instrument payable in US dollars and clearable through the US banking system; and (3) include your Account number. If your payment does not meet all of the above requirements, crediting may be delayed and you may incur late payment fees and additional interest charges. Electronic payments must be made through an electronic payment method payable in US dollars and clearable through the US banking system. If we accept payment in a foreign currency, we will convert it into US dollars at a conversion rate that is acceptable to us, unless a particular rate is required by law. Please do not send post-dated checks as they will be deposited upon receipt. Any restrictive language on a payment we accept will have no effect on us without our express prior written approval. We will re-present to your financial institution any payment that is returned unpaid.

**Permission for Electronic Withdrawal:** (1) When you send a check for payment, you give us permission to electronically withdraw your payment from your deposit or other asset account. We will process checks electronically by transmitting the amount of the check, routing number, account number and check serial number to your financial institution, unless the check is not processable electronically or a less costly process is available. When we process your check electronically, your payment may be withdrawn from your deposit or other asset account as soon as the same day we receive your check, and you will not receive that cancelled check with your financial account statement. If we cannot collect the funds electronically we may issue a draft against your deposit or other asset account for the amount of the check. (2) By using Pay By Computer, Pay By Phone or any other electronic payment service of ours, you give us permission to electronically withdraw funds from the deposit or other asset account you specify in the amount you request. Payments using such services of ours received after 8:00 p.m. MST may not be credited until the next day.

**How We Calculate Your Balance:** We use the Average Daily Balance (ADB) method (including new transactions) to calculate the balance on which we charge interest on your Account. Call the Customer Care number on page 3 for more information about this balance computation method and how resulting interest charges are determined. *The method we use to calculate the ADB and interest results in daily compounding of interest.*

**Paying Interest:** Your due date is at least 25 days after the Closing Date of each billing period. We will not charge you interest on your purchases if you pay the New Balance by the due date each month. We will charge you interest on balance transfers (unless otherwise disclosed) beginning on the transaction date. You can avoid paying interest on the Amount Above the Credit Limit by paying your Minimum Payment Due before the closing date of the month in which it is due. See your Cardmember Agreement for further details.

**Foreign Currency Charges:** If you make a Charge in a foreign currency, we will convert it into US dollars on the date we or our agents process it. **We will charge a fee of 2.70% of the converted US dollar amount.** We will

choose a conversion rate that is acceptable to us for that date, unless a particular rate is required by law. The conversion rate we use is no more than the highest official rate published by a government agency or the highest interbank rate we identify from customary banking sources on the conversion date or the prior business day. This rate may differ from rates in effect on the date of your charge. Charges converted by establishments (such as airlines) will be billed at the rates such establishments use.

**Credit Balance:** A credit balance (designated CR) shown on this statement represents money owed to you. If within the six-month period following the date of the first statement indicating the credit balance you do not request a refund or charge enough to use up the credit balance, we will send you a check for the credit balance within 30 days if the amount is $1.00 or more.

**Credit Reporting:** We may report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

**Billing Dispute Procedures**

What To Do If You Think You Find A Mistake On Your Statement
If you think there is an error on your statement, write to us at:
American Express, PO Box 981535, El Paso TX 79998-1535
In your letter, give us the following information:
- *Account information:* Your name and account number.
- *Dollar amount:* The dollar amount of the suspected error.
- *Description of Problem:* Describe what you believe is wrong and why you believe it is a mistake.
You must contact us:
- Within 60 days after the error appeared on your statement.
- At least 2 business days before an automated payment is scheduled, if you want to stop payment on the amount you think is wrong.
You must notify us of any potential errors in writing. You may call us, but if you do so we may not follow these procedures and you may have to pay the amount in question.

What Will Happen After We Receive Your Letter
When we receive your letter, we will do two things:
1. Within 30 days of receiving your letter, we will tell you that we received your letter. We will also tell you if we have already corrected the error.
2. We will investigate your inquiry and will either correct the error or explain to you why we believe the bill is correct.
While we investigate whether or not there has been an error:
- We will not try to collect the amount in question.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.
After we finish our investigation, one of two things will happen:
- If we made a mistake: You will not have to pay the amount in question or any interest or other fees related to that amount.
- If we do not believe there was a mistake: You will have to pay the amount in question, along with applicable interest and fees. We will send you a statement of the amount you owe and the date payment is due. We may report you as delinquent if you do not pay the amount we think you owe.

**Pay Your Bill with AutoPay**

Deduct your payment from your bank account automatically each month.

- Avoid late fees
- Save time

Visit **americanexpress.com/autopay** today to enroll.

**Change of Address, phone number, email**

- Online at **www.americanexpress.com/updatecontactinfo**
- Via mobile device
- Voice automated: call the number on the back of your card
- For name, company name, and foreign address or phone changes, please call Customer Care

**Please do not add any written communication or address change on this stub**

For information on how we protect your privacy and to set your communication and privacy choices, please visit **www.americanexpress.com/privacy.**



**Blue Business℠ Plus Credit Card**
DINGY DENTS LLC
WILBURT RIVERA
Closing Date 07/27/20

p. 3/8

Account Ending 8-73007

| 📞 | **Customer Care & Billing Inquiries** | 1-800-521-6121 | **Hearing Impaired** |
| | **International Collect** | 1-623-492-7719 | **TTY:** 1-800-221-9950 |
| | **Large Print & Braille Statements** | 1-800-521-6121 | **FAX:** 1-623-707-4442 |
| | **Cash Advance at ATMs Inquiries** | 1-800-CASH-NOW | **In NY:** 1-800-522-1897 |

 **Website:** americanexpress.com

**Customer Care & Billing Inquiries**
P.O. BOX 981535
EL PASO, TX
79998-1535

**Payments**
P.O. BOX 1270
NEWARK NJ 07101-1270

ⓘ Your billing inquiry is under investigation. **No payment on the amount under review of $249.00 is required at this time.** Please pay at least the Minimum Payment Due, which does not include the amount under review. If you wish to pay your balance in full, please deduct $249.00 from the New Balance indicated above. To view the status of your investigation, please visit us at **americanexpress.com/inquirycenter.**



Put More Time to Business and Less Time to Bills

Grant a member of your team access to your account to log in and securely handle expense management on your behalf. Terms apply.

Visit **www.AmericanExpress.com/enrollIAM** to enroll an Account Manager now.

AMEX

## Payments and Credits

### Summary

Total

## Detail    *Indicates posting date

| Payments | Amount |
|---|---|

## New Charges

### Summary

Total

Continued on reverse

WILBURT RIVERA

Account Ending 8-73007

**Detail**

 **WILBURT RIVERA**
Card Ending 8-73007

Amount



| | | | Amount |
|---|---|---|---|
| 07/06/20 IMPERIAL AUTO SPORTS 286000000260919<br>CEO@IMPERIALAUTOSPORT.COM | ATLANTA | GA | $2,000.00 |

Continued on next page

**Blue Business℠ Plus Credit Card**
DINGY DENTS LLC
WILBURT RIVERA
Closing Date 07/27/20

p. 5/8

Account Ending 8-73007

---

**Detail Continued**

Amount



**WILBURT RIVERA**
Card Ending 8-71019

Amount

---

**Fees**

| | Amount |
|---|---|
| Total Fees for this Period | $0.00 |

**Interest Charged**

| | Amount |
|---|---|
| Total Interest Charged for this Period | $0.00 |

### About Trailing Interest

You may see interest on your next statement even if you pay the new balance in full and on time and make no new charges. This is called "trailing interest". Trailing interest is the interest charged when, for example, you didn't pay your previous balance in full. When that happens we charge interest from the first day of the billing period until we receive your payment in full. You can avoid paying interest on purchases by paying your balance in full and on time each month. Please see the "When we charge interest" sub-section in your Cardmember Agreement for details.

Continued on reverse

WILBURT RIVERA

Account Ending 8-73007

## 2020 Fees and Interest Totals Year-to-Date

|  | Amount |
|---|---|
| Total Fees in 2020 | $0.00 |
| Total Interest in 2020 | $0.00 |

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

|  | Annual Percentage Rate | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 19.24% (v) | $0.00 | $0.00 |
| **Total** |  |  | **$0.00** |

(v) Variable Rate



DINGY DENTS LLC
WILBURT RIVERA

Closing Date 07/27/20

p. 7/8
Account Ending 8-73007

## IMPORTANT NOTICES

### Claims Resolution Clause Update
The address for sending a claim notice to American Express has changed. Notice to American Express should be sent to **American Express ADR, c/o CT Corporation System, 28 Liberty Street, New York, New York 10005.**

### Your Cardmember Agreement
To access the most up to date version of your Cardmember Agreement, please log in to your Account at **www.americanexpress.com**.

*Important Notices continued on next page.*

DINGY DENTS LLC
WILBURT RIVERA

Closing Date 07/27/20

p. 8/8
Account Ending 8-73007

## IMPORTANT NOTICES continued

**EFT Error Resolution Notice**

In Case of Errors or Questions About Your Electronic Transfers Telephone us at 1-800-IPAY-AXP for Pay By Phone questions, at 1-800-528-2122 for Pay By Computer questions, and at 1-800-528-4800 for AutoPay and at 1-800-CASH NOW for Express Cash questions. You may also write us at American Express, Electronic Funds Services, P.O. Box 981531, El Paso TX 79998-1531, or contact online at www.americanexpress.com/inquirycenter as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

1. Tell us your name and account number (if any).
2. Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation.

*End of Important Notices.*

# Exhibit 5

(FRZ 1A)

# BILL OF SALE

DEALER __EXECUTIVE AUTO__

ADDRESS __3503 DIVERSIFIED DR__

CITY __LOGANVILLE__    STATE __GA__    ZIP __30052__    PHONE __770-294-1861__

DATE __12/11/2017__    STOCK NO. __31894__    SALES PERSON _____

| BUYER Dingy Dents LLC | CO-BUYER N/A |
|---|---|
| D.L. # ▓▓▓▓▓▓    D.O.B. _____ | D.L. # N/A    D.O.B. N/A |
| ADDRESS 35 Clear Spring Ct | ADDRESS N/A |
| CITY OXFORD | CITY N/A |
| STATE GA    ZIP 30054 | STATE N/A    ZIP N/A |
| HOME PHONE ▓▓▓▓▓▓ | HOME PHONE N/A |
| BUSINESS _____ CELL ▓▓▓▓ | BUSINESS N/A    CELL N/A |

## PURCHASE VEHICLE

| YEAR | MAKE | MODEL | BODY STYLE | COLOR | SERIAL NUMBER | MILEAGE |
|---|---|---|---|---|---|---|
| 2016 | NISSAN | NV200 | 5DR | WHITE | 3N6CM0KN9GK694021 | 1849 |

| DESCRIPTION OF TRADE-IN #1 | | | | |
|---|---|---|---|---|
| YEAR N/A | | MAKE N/A | | |
| MODEL N/A | | MILEAGE N/A | | |
| BODY STYLE N/A | | COLOR N/A | | |
| SERIAL # N/A | | | | |
| AMOUNT ALLOWED: N/A | | BALANCE OWED: N/A | | |
| BALANCE OWED TO: N/A | | | | |
| STREET N/A | | | | |
| CITY, ST ZIP N/A | | | | |
| LIEN HOLDER PHONE # N/A | | | | |
| PAYOFF QUOTED BY: N/A | | | | |
| (Good Until) N/A | | | | |

| SELLING PRICE | 19,800.00 |
|---|---|
| MINUS TRADE ALLOWANCE | N/A |
| SUBTOTAL | 19,800.00 |
| DEALER SERVICE FEE(S) | 299.00 |
| SERVICE AGREEMENT | N/A |
| E-File Fee | 99.00 |
| N/A | N/A |
| N/A | N/A |
| N/A | N/A |
| SUBTOTAL | 398.00 |
| TITLE AD VALOREM TAX | 1,023.75 |
| COUNTY NEWTON | |
| TITLE FEE | 38.00 |
| BALANCE OWED ON TRADE-IN(S) | N/A |
| SUBTOTAL | 1,061.75 |
| TOTAL SALE PRICE | 21,259.75 |
| CASH PAID | 21,259.75 |
| DEFERRED CASH PICKUP DOWN PAYMENT | N/A |
| BALANCE TO BE FINANCED OR CASH DUE | 0.00 |

| DESCRIPTION OF TRADE-IN #2 | | | | |
|---|---|---|---|---|
| YEAR N/A | | MAKE N/A | | |
| MODEL N/A | | MILEAGE N/A | | |
| BODY STYLE N/A | | COLOR N/A | | |
| SERIAL # N/A | | | | |
| AMOUNT ALLOWED: N/A | | BALANCE OWED: N/A | | |
| BALANCE OWED TO: N/A | | | | |
| STREET N/A | | | | |
| CITY, ST ZIP N/A | | | | |
| LIEN HOLDER PHONE # N/A | | | | |
| PAYOFF QUOTED BY: N/A | | | | |
| (Good Until) N/A | | | | |

Installment Sales Contract to be assigned to:
Executive Auto
3503 Diversified Dr
Loganville, Ga 30052

INSURANCE COMPANY Ohio Security Ins
STREET
CITY, ST ZIP
AGENT                        PHONE #

USED CAR BUYERS GUIDE: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THE CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

FORMA PARTE DEL PRESENTE CONTRATO. LA INFORMACIÓN DEL FORMULARIO DE LA VENTANILLA DEJA SIN EFECTO TODA DISPOSICIÓN EN GUÍA PARA COMPRADORES DE VEHÍCULOS USADOS. LA INFORMACIÓN QUE VE EN EL FORMULARIO DE LA VENTANILLA PARA ESTE VEHÍCULO CONTRARIO CONTENIDA EN EL CONTRATO DE VENTA.

**PURCHASER, BY SIGNING THIS AGREEMENT, ACKNOWLEDGES THAT HE/SHE HAS READ BOTH PAGES OF THIS AGREEMENT, AND HAS RECEIVED A TRUE COPY OF THIS AGREEMENT. This Bill of Sale consists of two pages, be sure to read and initial page two as indicated.**

Buyer Signature _____    Dealership Name EXECUTIVE AUTO

Date __12/11/2017__    Dealer Rep Signature _____

Co-Buyer Signature N/A    Representative Printed Name _____

Date N/A    Date __12/11/2017__

(FRZ 1A) R-06/15 Bill of Sale, © 2015 Frazer Computing, Inc.

# Exhibit 6





| | |
|---|---|
| Posting Date | 2020 Jul 20 |
| Sequence Number | 18082148 |
| Amount | $8,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 449591206 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |



| | |
|---|---|
| Branch Name | Snellville Drive Through |
| Captured Date | 06112020 |
| Sequence # | 0001609040 |
| BOFD | 084201294 |

| | |
|---|---|
| Posting Date | 2020 Jun 12 |
| Sequence Number | 18019836 |
| Amount | $8,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 449386275 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |

NAVY 🌐
**FEDERAL**
Credit Union

PO Box 3000
Merrifield, VA  22119-3000
navyfederal.org

68-7497
2540

**Cashier's Check**

| Serial No. | Account No. | Date | Amount |
|---|---|---|---|
| 0449234880 | ▮▮▮▮ | 05/13/20 | $*************8000.00 |

Pay
to the
Order of   EXECUTIVE AUTO

REMITTER: DINGY DENTS LLC

⑈  ▮▮▮▮▮  ⑈:     2 8 0 9 1 2        ⑈'' 0 0 2

W&2



Branch Name
Captured Date
Sequence #
BOFD

Snellville
04202020
0000782540
084201294

| Posting Date | 2020 Apr 21 |
|---|---|
| Sequence Number | 18058177 |
| Amount | $8,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 449077200 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |



| | | |
|---|---|---|
| Branch Name | Snellville Drive Through | |
| Captured Date | 03262020 | |
| Sequence # | 0001397250 | |
| BOFD | 084201294 | |

| | |
|---|---|
| Posting Date | 2020 Mar 27 |
| Sequence Number | 18049435 |
| Amount | $8,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 448910057 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |



Branch Name      Grayson
Captured Date    02192020
Sequence #      0003016890
BOFD          084201294

| | |
|---|---|
| Posting Date | 2020 Feb 20 |
| Sequence Number | 18019032 |
| Amount | $8,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 448650480 |
| MICR PC Code | 2 |



Branch Name     Grayson
Captured Date     01132020
Sequence #      0002813650
BOFD          084201294

| | |
|---|---|
| Posting Date | 2020 Jan 14 |
| Sequence Number | 18081844 |
| Amount | $8,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 448374298 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |



| | |
|---|---|
| Branch Name | Grayson |
| Captured Date | 12092019 |
| Sequence # | 0002619110 |
| BOFD | 084201294 |

| | |
|---|---|
| Posting Date | 2019 Dec 10 |
| Sequence Number | 18039785 |
| Amount | $9,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 448107451 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |

**NAVY FEDERAL** Credit Union

PO Box 3000
Merrifield, VA 22119-3000
navyfederal.org

68-7407
2440

Cashier's Check

| Serial No. | Account No. | Date | Amount |
|---|---|---|---|
| 0447064563 | | 11/01/18 | $*************7000.00 |

**Pay**
to the
Order of   EXECUTIVE AUTO

V. Blalock

REMITTER: DINGY DENTS LLC

280912   002

472

**NAVY** 🌐
**FEDERAL** ®
Credit Union

PO Box 3000
Merrifield, VA  22119-3000
navyfederal.org

68-7407
2560

**Cashier's Check**

| Serial No. | Account No. | Date | Amount |
|---|---|---|---|
| 0447688264 | ■■■■■ | 10/07/19 | $************4500.00 |

**Pay**
to the
Order of   EXECUTIVE AUTO

REMITTER: DINGY DENTS LLC

*Barbara*

Authorized Signature                    MP



**NAVY FEDERAL** ®
**Credit Union** ®

PO Box 3000
Merrifield, VA  22119-3000
navyfederal.org

68-7497
2660

**Cashier's Check**

| Serial No. 0447400915 | Account No. ███████ | Date 09/03/19 | Amount $************4500.00 |

Pay
to the
Order of   EXECUTIVE AUTO

REMITTER: DINGY DENTS LLC

Authorized Signature

MP

⑆███████⑆  280912  ⑈002



Branch Name          Snellville
Captured Date        08162019
Sequence #           '0000473890
BOFD                 084201294

*Deposit only
Executive Auto*

| | |
|---|---|
| Posting Date | 2019 Aug 19 |
| Sequence Number | 18125498 |
| Amount | $4,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 447174281 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |

**NAVY FEDERAL**
Credit Union

PO Box 3000
Merrifield, VA 22119-3000
navyfederal.org

CB 7407
9990

**Cashier's Check**

| Serial No. | Account No. | Date | Amount |
|---|---|---|---|
| 044891b/58 | ███████ | ██/█1/19 | $**************4000.00 |

Pay
to the
Order of     EXECUTIVEAUTO

REMITTER: DINBY DENTS LLC

*Mary Beth Hadley*
Authorized Signer

⑆████████⑆  280912  ⑈002

certified



| Branch Name | Snellville |
| Captured Date | 06072019 |
| Sequence # | 0000371590 |
| BOFD | 084201294 |

| Posting Date | 2019 Jun 10 |
| Sequence Number | 18059919 |
| Amount | $4,500.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 446630892 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |



**NAVY FEDERAL** Credit Union

PO Box 3000
Merrifield, VA 22119-3000
navyfederal.org

69-7497
2560

Cashier's Check

| Serial No. | Account No. | Date | Amount |
|---|---|---|---|
| 0446468582 | █████ | 05/03/19 | $***************500.00 |

Pay to the Order of   EXECUTIVE AUTO

REMITTER: DINGY DENTS LLC

Authorized Signature     MP

280912    002

© 2014 Navy Federal NFCU C3S (5-14)

Jcck
money



| Branch Name | Snellville |
| Captured Date | 04102019 |
| Sequence # | 0000279400 |
| BOFD | 084201294 |

Posting Date            2019 Apr 11

Sequence Number     18054510

Amount                   $5,000.00

NFCU Account Number  280912

MICR Account Number  280912

Check Number          0

Serial Number          446153980

MICR PC Code          2

Teller ID               000000

Branch/ATM ID         0000

Bank of First Deposit  8420129





Branch Name          Snellville Drive Through
Captured Date        03062019
Sequence #           0000370170
BOFD                 084201296

| | |
|---|---|
| Posting Date | 2019 Mar 07 |
| Sequence Number | 18059411 |
| Amount | $4,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 445947483 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |



Posting Date             2019 Feb 11

Sequence Number          18124900

Amount                   $5,000.00

NFCU Account Number      280912

MICR Account Number      280912

Check Number             0

Serial Number            445712455

MICR PC Code             2

Teller ID                000000

Branch/ATM ID            0000

Bank of First Deposit    8420129





Branch Name
Captured Date
Sequence #
BOFD

Snellville Drive Through
01042019
0000190820
084201294

| | |
|---|---|
| Posting Date | 2019 Jan 07 |
| Sequence Number | 18115726 |
| Amount | $5,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 445409622 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |





Branch Name          Snellville
Captured Date        02222019
Sequence #           0000199370
BOFD                 084201294

| Posting Date | 2019 Feb 25 |
|---|---|
| Sequence Number | 18050110 |
| Amount | $5,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 445260996 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |



| | |
|---|---|
| Posting Date | 2018 Jul 24 |
| Sequence Number | 18000368 |
| Amount | $5,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 444283324 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 6110327 |



**NAVY FEDERAL**
**Credit Union**

05/06/19 09:05          Posting Date: 05/06/19
CB: 3                         Teller ID: 40695

Checking Wdr by Check          Seq: 0025
Account Number:                *****2744
Amount:                        $4,500.00
Serial Number:                 0446486915
Available Balance:             $16,831.68

Above Subject to Verification
Thank you for visiting Navy Federal



| Branch Name | Snellville |
|---|---|
| Captured Date | 11092018 |
| Sequence # | 0000028640 |
| BOFD | 0842012941 |

| | |
|---|---|
| Posting Date | 2018 Nov 13 |
| Sequence Number | 18104923 |
| Amount | $5,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 445046451 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |



| | | |
|---|---|---|
| Branch Name | | Grayson |
| Captured Date | | 11022018 |
| Sequence # | | 0000040350 |
| BOFD | | 084201294 |

| | |
|---|---|
| Posting Date | 2018 Nov 05 |
| Sequence Number | 18060698 |
| Amount | $10,000.00 |
| NFCU Account Number | 280912 |
| MICR Account Number | 280912 |
| Check Number | 0 |
| Serial Number | 444913499 |
| MICR PC Code | 2 |
| Teller ID | 000000 |
| Branch/ATM ID | 0000 |
| Bank of First Deposit | 8420129 |

# Exhibit 7

Control Number: RIVERA-00002004
Sent 07/10/2020 11:10:04 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

We owe Payton $600 plus $75 for Facebook so $675.00 Can you drop a check off in the morning. I paid him from executive for last 5 weeks $1,800 and we need the company paying the bills. We need to talk over the weekend about how payroll will be handled and when so there is no questions.... no word back from either of the 2 guys yet... we cut a deal with indeed today and they guarantee results so hopefully early next week...

Control Number: RIVERA-00002000
Sent 07/10/2020 11:30:04 PM FROM: Rivera, Wilburt @ 16786565364; TO: Parker, Jack @ 17702943301;

Ok but I will not be able to stop by shop tomorrow I have go to airport if you want to me there

Control Number: RIVERA-00001998
Sent 07/10/2020 11:52:36 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

No we can talk next week so we can work out the details. Need accountant or controller handling billing/collecting/payroll. Payton was a little frustrated and he is working for peanuts don't want to lose him.... how did Jorge do ?

Thread ID: F7cfb33679e1ebd7f1bf99a74700e77c

**Thread View - RIVERA-00001958**

## Channel / Master Conversation ID:
## B924d4026105b1bfde8a43b0e393a20e

Control Number: RIVERA-00001995

Sent 07/11/2020 12:20:21 AM FROM: Rivera, Wilburt @ 16786565364; TO: Parker, Jack @ 17702943301;

At all the Time that I know you don't think I am frustrated I get up every day at 10 pm and don't go to bed Until 12 pm doing invoices and I believe the you having a discussion should be on the phone not a text it is 819 And I am Cartersville still working working for peanuts

Control Number: RIVERA-00001994

Sent 07/11/2020 12:21:07 AM FROM: Rivera, Wilburt @ 16786565364; TO: Parker, Jack @ 17702943301;

I am really piss off

Control Number: RIVERA-00001992

Sent 07/11/2020 01:07:11 AM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

I am still rolling too playing catch-up for my company since I spent four hours today with Dingy Dent... we both put in a lot of hours....I said we can talk next week. If you are getting mad over some irrelevant BS like that then I don't know what to say... Employees want to get paid and business is business... I have paid him out of my pocket the last five weeks and told him today I need to get a check from you he has even paid out of his pocket and not got reimbursed and he said he's mentioned it to you.... I understand where Peyton is coming from... love you kid but that if why I said we need somebody else handling payroll and accounting it is not your strong point or mine.... it is very time consuming and it would free up both of us to do other things and be more productive. I have put a lot of hours in the company and taking time away from my business to make a push including bringing family members in to work for dingy dents for free.... money makes the world spin neither one of us are doing it for free. I have $35,000 tied up in two vehicles and get paid every 40 to 45 days... that's why I said we need to sit down first of the week and work out all the details so we can move forward and neither one of us get upset!!! Hard for me to tell employees not sure when they're getting their check and we are 2 weeks into this month and I have not closed the books for May... Sorry you're upset but I feel like you don't have a reason to be upset. Call me in the morning or I will call you at my daughters house eating dinner.

Control Number: RIVERA-00001991

Sent 07/11/2020 01:09:31 AM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

Also Candice said she needed an invoice on the equinox that we dropped off today I have her card and email address if you need it I told her I would get it over this afternoon early morning

Control Number: RIVERA-00001990

Sent 07/11/2020 01:15:35 AM FROM: Rivera, Wilburt @ 16786565364; TO: Parker, Jack @ 17702943301;

(empty message)

Control Number: RIVERA-00001978

Sent 07/11/2020 12:53:10 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

Morning buddy hope your feeling better. A lot going on next week so let's get together sometime tomorrow and talk. Let me know what time works for you so I can plan my day. Joshua wants to play golf tomorrow.

Control Number: RIVERA-00001970

Sent 07/11/2020 03:46:24 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

Disappointed in you brother. I have never been disrespectful to you however do not take my kindness for a weakness let's get together tomorrow and try and resolve some issues of you can buy me out or I'll buy you out and move forward.... hope you're having a good day

Control Number: RIVERA-00001968

Sent 07/11/2020 04:52:47 PM FROM: Rivera, Wilburt @ 16786565364; TO: Parker, Jack @ 17702943301;

Let me know went you get done tomorrow see where I am at I have to work at airport tomorrow

Control Number: RIVERA-00001967

Sent 07/11/2020 04:54:15 PM FROM: Rivera, Wilburt @ 16786565364; TO: Parker, Jack @ 17702943301;

I haven't Answer my phone been in the car charging you have a great day

Control Number: RIVERA-00001958

Sent 07/11/2020 06:36:16 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

You too brother !!!

Thread ID: 607501bc7fa27a7a24ef07b796f99ca4

## Channel / Master Conversation ID:
## B924d4026105b1bfde8a43b0e393a20e

Control Number: RIVERA-00001929
Sent 07/12/2020 03:20:55 PM FROM: Rivera, Wilbur @ 16786565364; TO: Parker, Jack @ 17702943301;

Hey we can meet 6 o'clock just let me know where you want to meet

Control Number: RIVERA-00001928
Sent 07/12/2020 03:28:25 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilbur @ 16786565364;

Ok may have to do tomorrow or Tuesday depending on your time frame. I have a 4:30 appointment today and not sure how long it will take. Need to get Peyton a check by tomorrow he has asked me all weekend.... FYI say a little prayer for JP he is not feeling well and had to leave work early yesterday and is going to doctor today so hopefully nothing serious. Peyton is going to Augusta tomorrow and will leave about 8:00 he said

Control Number: RIVERA-00001927
Sent 07/12/2020 03:32:08 PM FROM: Rivera, Wilbur @ 16786565364; TO: Parker, Jack @ 17702943301;

We need to talk face to face I give Peyton his money don't send him to Augusta

Control Number: RIVERA-00001926
Sent 07/12/2020 03:33:38 PM FROM: Rivera, Wilbur @ 16786565364; TO: Parker, Jack @ 17702943301;

If we need to meet early I will make time

Control Number: RIVERA-00001924
Sent 07/12/2020 03:42:59 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilbur @ 16786565364;

Ok meet at shop in hour

Control Number: RIVERA-00001923
Sent 07/12/2020 03:52:25 PM FROM: Rivera, Wilbur @ 16786565364; TO: Parker, Jack @ 17702943301;

Ok

Control Number: RIVERA-00001919
Sent 07/12/2020 04:50:57 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilbur @ 16786565364;

Hey buddy close

Control Number: RIVERA-00001918
Sent 07/12/2020 04:51:27 PM FROM: Rivera, Wilbur @ 16786565364; TO: Parker, Jack @ 17702943301;

2 minutes

Control Number: RIVERA-00001917
Sent 07/12/2020 04:51:36 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilbur @ 16786565364;

👍

## Channel / Master Conversation ID:
## B924d4026105b1bfde8a43b0e393a20e

Control Number: RIVERA-00001723

Sent 07/14/2020 08:35:15 PM FROM: Rivera, Wilburt @ 16786565364; TO: Parker, Jack @ 17702943301;

Hi I am going shop to drop of your check and drop the van off and pick up the scion are you going to be there I should be by 6 o'clock

Control Number: RIVERA-00001722

Sent 07/14/2020 08:52:54 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

Yes about 30 mins out driving back from S.C. ...

Control Number: RIVERA-00001721

Sent 07/14/2020 08:55:18 PM FROM: Rivera, Wilburt @ 16786565364; TO: Parker, Jack @ 17702943301;

Ok

Thread ID: 2fedfae647907d5f1ba6de882669f287

## Channel / Master Conversation ID:
## B924d4026105b1bfde8a43b0e393a20e

Control Number: RIVERA-00001504

Sent 07/17/2020 04:48:33 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

This is an official ceased and desist using the name Dingy Dent. You are no longer an agent of the company. You Will be receiving notification from my attorney...any further usage of the name will result in a lawsuit. Furthermore if you do not stop using the company name I will send a cease and desist pending litigation notification to all of the vendors to stop payments.

Thread ID: Bdadecc68087212797552f19a7cbfd2c

## Channel / Master Conversation ID:
## B924d4026105b1bfde8a43b0e393a20e

Control Number: RIVERA-00001306

Sent 07/21/2020 06:19:20 PM FROM: Parker, Jack @ 17702943301; TO: Rivera, Wilburt @ 16786565364;

You were warned !!!

Thread ID: 526d0d3b559b987f100348ae71a6fc4b

# Exhibit 8

Dingy Dents Operating Agreement
July  03,  2017

This agreement is between Jack Parker and Wilburt Rivera to form a partnership for Dingy Dents LLC . This partnership is effective immediately. Jack Parker has agreed to invest money and resources into Dingy Dents LLC for start up and Wilburt Rivera agrees to provide labor to perform repairs. Dingy Dents name belongs to Jack Parker and all intellectual property associated with Dingy Dents LLC. Both Parties agree that Wilburt Rivera will pay Jack Parker 50% of gross profits monthly and will provide monthly accounting statements. The company checking account will be used for Dingy Dents LLC and no personal use or transfers of any kind. The checking account must remain in good standings at all times and hold a positive balance. Wilburt Rivera agrees to pay Jack Parker by the 30th of every month. There shall be no business or financial decisions made without both parties agreement and written consent. Jack Parker has agreed to provide a company vehicle with his initial investment. Wilburt Rivera also accepts full responsibility for operation of the vehicle and agrees to hold Jack Parker and or his company harmless and not liable for any accidents or property damage or any claims both civil or criminal caused by Wilburt Rivera or the vehicle. Wilburt Rivera agrees to pay for any damages to the vehicle and will return the vehicle in good condition and working order. This agreement can be terminated by either party with a 30 day written notice. Should this agreement be terminated, Wilburt Rivera agrees to pay Jack Parker in full for any money collected for Dingy Dents LLC at the agreed rate of 50% gross within 30 days. All tools or equipment that was paid for by Jack Parker or from Dingy Dents LLC account will remain the sole property of Jack Parker and or Dingy Dents LLC. Further more Wilburt Rivera agrees upon termination of this agreement not to use the name Dingy Dents LLC for any purpose and must operate under a different business name if he decides to continue operating.

Jack Parker

Wilburt Rivera

# Exhibit 9



This is an official ceased and desist using the name Dingy Dent. You are no longer an agent of the company. You Will be receiving notification from my attorney...any further usage of the name will result in a lawsuit. Furthermore if you do not stop using the company name I will send a cease and desist pending litigation notification to all of the vendors to stop payments.



# Exhibit 10



name Dingy Dent. You are no longer an agent of the company.  You Will be receiving notification from my attorney...any further usage of the name will result in a lawsuit. Furthermore if you do not stop using the company name I will send a cease and desist pending litigation notification to all of the vendors to stop payments.

Tuesday 2:19 PM

You were warned !!!



# Exhibit 11



**NAVY FEDERAL Credit Union**  PO Box 3000
Merrifield VA 22119-3000

In reply refer to:
200724091682679

July 24, 2020

DINGY DENTS LLC
35 CLEAR SPRING CT
OXFORD, GA 30054-4644

Dear Member:

The attached check, deposited to your Checking account number ******2744 on 07/21/20, was returned unpaid by the paying financial institution for the following reason: Stop Payment.

As a result, we have deducted $3600.00 from your above-referenced account. A $15.00 returned check fee was also assessed.

If you have any questions, please contact us toll-free anytime at 1-888-842-6328. If you prefer, you may send us a secure message online at **navyfederal.org** via our Online Banking service, or you may visit your local branch.

Sincerely,

Savings & Checking Operations
Navy Federal Credit Union

Federally insured by NCUA.
© 2016 Navy Federal NFCU 40165-CH-RDT1 (9-16)



*256074974*
07\27\2020
2991682679

This is a LEGAL COPY of your check. You can use it the same way you would use the orginal check.

RETURN REASON-C
STOP PAYMENT

*706 267*    4:0 7 2404 786:

# Exhibit 12

Control Number : 17075890

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF REINSTATEMENT

I, **Brad Raffensperger**, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

### Dingy Dents, LLC
#### a Domestic Limited Liability Company

was formed on 07/11/2017, and later administratively dissolved on 09/07/2018. Said entity has filed an application for reinstatement and has paid all fees and penalties due to the Secretary of State. Attached hereto is a true and correct copy of said application.

WHEREFORE, said entity is hereby reinstated as of 07/29/2020, having met the requirements for reinstatement under Title 14 of the Official Code of Georgia Annotated. The reinstatement shall relate back to and take effect as of the date of the administrative dissolution and the entity may resume its business as if the administrative dissolution had never occurred.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on **07/30/2020**.



Brad Raffensperger
Secretary of State

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Application for Reinstatement**

*Electronically Filed*
Secretary of State
Filing Date: 7/29/2020 3:05:24 PM

| BUSINESS INFORMATION | |
|---|---|
| **BUSINESS NAME** | : Dingy Dents, LLC |
| **CONTROL NUMBER** | : 17075890 |
| **BUSINESS TYPE** | : Domestic Limited Liability Company |
| **ADMININSTRATIVE DISSOLUTION DATE** | : 09/07/2018 |

Ground(s) for the administrative dissolution either did not exist or have been eliminated. All taxes owed by the entity have been paid.

| ADDRESS AND REGISTERED AGENT AT TIME OF ADMINISTRATIVE DISSOLUTION | |
|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : 35 Clear Springs Ct, Oxford, GA, 30054, USA |
| **REGISTERED AGENT NAME** | : National Registered Agents, Inc. |
| **REGISTERED OFFICE ADDRESS** | : 289 S. Culver Street, Lawrenceville, GA, 30046, USA |
| **REGISTERED OFFICE COUNTY** | : Fulton |

| UPDATES TO ADDRESS AND REGISTERED AGENT | |
|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : 35 Clear Springs Ct, Oxford, GA, 30054, USA |
| **REGISTERED AGENT NAME** | : Wilburt Rivera |
| **REGISTERED OFFICE ADDRESS** | : 35 clear springs court, Oxford, GA, 30054, USA |
| **REGISTERED OFFICE COUNTY** | : Newton |

| AUTHORIZER INFORMATION | |
|---|---|
| **AUTHORIZER SIGNATURE** | : Christine Tenley |
| **AUTHORIZER TITLE** | : Attorney In Fact |

July 29, 2020

**VIA ELECTRONIC DELIVERY**

Georgia Secretary of State
Corporations Division
313 West Tower
2 Martin Luther King, Jr. Dr.
Atlanta, GA 30334

**Re:    Notarized Statement**

To Whom it May Concern:

I, Wilburt Rivera, certify that I was the sole member of Dingy Dents, LLC, at the time it was administratively dissolved.  I have knowledge of and do herby assent to the application for restatement.

_____          7-29-2020
Wilburt Rivera                                      Date

Sworn to and subscribed before me
this the 29th day of July , 2020.

_____
Notary Public
My commission expires: 12/05/23

# Exhibit 13

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 08/01/2020 01:48:37

| BUSINESS INFORMATION | | |
|---|---|---|
| **BUSINESS NAME** | : | Dingy Dents, LLC |
| **CONTROL NUMBER** | : | 17075890 |
| **BUSINESS TYPE** | : | Domestic Limited Liability Company |
| **ANNUAL REGISTRATION PERIOD** | : | 2020, 2021, 2022 |

| BUSINESS INFORMATION CURRENTLY ON FILE | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | 35 Clear Springs Ct, Oxford, GA, 30054, USA |
| **REGISTERED AGENT NAME** | : | Wilburt Rivera |
| **REGISTERED OFFICE ADDRESS** | : | 35 clear springs court, Oxford, GA, 30054, USA |
| **REGISTERED OFFICE COUNTY** | : | Newton |

| UPDATES TO ABOVE BUSINESS INFORMATION | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | 3503 Diversified Dr, Loganville, GA, 30052, USA |
| **REGISTERED AGENT NAME** | : | Jack Parker |
| **REGISTERED OFFICE ADDRESS** | : | 3503 Diversified dr, Loganville, GA, 30052, USA |
| **REGISTERED OFFICE COUNTY** | : | Gwinnett |

| AUTHORIZER INFORMATION | | |
|---|---|---|
| **AUTHORIZER SIGNATURE** | : | Jack Parker |
| **AUTHORIZER TITLE** | : | Registered Agent |



# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## RECEIPT

**Filer Information**

jack parker
3503 diversified dr
loganville ga, GA 30052

**Transaction Details**

| Product Description | Business Name | Control No. | Shipped | Order Date | Item Cost | Expedite Fee | Service Charge | Total |
|---|---|---|---|---|---|---|---|---|
| Annual Registration | Dingy Dents, LLC | 17075890 | Online | 08/01/2020 | 150.00 | 0.00 | 0.00 | 150.00 |

Invoice Total: $150.00

**Payment Details**

| Payment Type | Check/Reference No. | Amount |
|---|---|---|
| Credit Card - VISA | #####7017 | 150.00 |

Payment Total: $150.00

**Mailing Address:** Georgia Secretary of State, Corporations Division, 2 MLK Jr. Dr. SE, Suite 313 Floyd West Tower, Atlanta, Georgia 30334-1530

**Phone:** (404) 656-2817 | **Website:** http://www.sos.ga.gov/